IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| GLORIA RIOJAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| EAST WEST EXPRESS, INC., and JOHNNIE TATE, | § | 2:10-CV-286-J |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Before the Court is Plaintiff's amended bill of costs, and Defendants' objections thereto. For the following reasons Defendants' objections are sustained in part and overruled in part.

## Background

This is a personal injury lawsuit. Plaintiff had an extensive medical history relating to pre-existing injuries and past medical care. In the joint statement of stipulated facts and agreed stipulations on exhibits, filed October 21, 2011, the parties agreed to stipulate that Defendants East West Express, Inc. and Johnnie Tate were liable for causing the accident at issue, but Defendants disputed that certain damages claimed by Plaintiff exist, were caused or were aggravated by the accident at issue. The parties further reached agreements on the authenticity and admissibility of all exhibits, except for Dr. Hinton's Life Care plans and relevance issues related to some of the Defendants' exhibits.

The case was tried to a jury beginning on November 1, 2011. On November 3rd the jury rendered its verdict, which was filed of record. The jury awarded Plaintiff $10,000 in damages for past and future physical pain, suffering and mental anguish, and $23,044.50 in past medical damages.

Plaintiff had sought $178,918.26 in past medical expenses. The jury did not award future medical expenses. Plaintiff sought $397,790.01 in future medical expenses.

During closing arguments Plaintiff's counsel requested $230,000 in past and future pain, suffering and mental anguish damages; she received $10,000.00. Overall, Plaintiff s counsel requested $806,708.27 in damages during closing arguments; she received $33,044.50 from the jury.

### Recoverable Costs

Not all expenses incurred during a case may be reimbursed. Only those costs provided for under 28 U.S.C. § 1920 may be taxed against the losing party. These costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920. A district court may decline to award court costs listed in the statute, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993), *cert. denied*, 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). The standard of review is abuse of discretion. *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1551 (5th Cir.1984). The burden of establishing that transcripts were "not obtained primarily for the convenience" of the parties but were " necessarily obtained for use in this case," *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir.1991), is upon the party seeking those costs.

### Defendants' General Objection to Taxation of Any Costs

Defendants argue that any award of costs should be reduced or denied because the taxable costs sought in this litigation were disproportionate to the result achieved, citing *Southwire Co. v.*

2

*Richmond,* 980 F.2d 518, 520 (8th Cir. 1992)(nominal damages may require reduced costs). They argue that in this case the Plaintiff failed to receive recovery on four of the six types of damages presented to the jury, and the amount of recovery she received was approximately 25 times less than the amount sought at the time of closing argument. Defendants request that the costs received by Plaintiff be reduced to an amount that is at least reflective of the jury's refusal to award Plaintiff s alleged future medical damages and a large majority other alleged past medical expenses. Specifically, Defendants' request that Plaintiff's costs be reduced to 1/25th of their requested costs, based upon the theory that Plaintiff recovered approximately 1/25th of her requested damages.

Plaintiff was not awarded a nominal recovery of only one dollar plus costs. While she did not obtain the amount of relief she requested, she did receive substantial, not nominal, monetary damages. Defendants' objections to the taxation of any costs and for a significant proportionate reduction are denied.

### Objection to Total Copying Costs

Plaintiff has requested over $3,400.25 in "printing costs." Defendants argues that she has failed to articulate what she printed or copied, or the purpose and necessity of said copying.

This case involved testimony and exhibits related to Plaintiff's extensive medical history before and after the accident at issue. Her extensive medical history reasonably necessitated a large number of copies be made for trial exhibits, the Court's copy of all trial exhibits, and discovery and trial copies required to be furnished to opposing counsel. Plaintiff has submitted a a $650.25 invoice for litigation copies, and an affidavit stating that over 11,000 pages of copies at a cost of $2,750.00 were necessarily made and used at trial, as exhibits to pleadings, Court's copies of exhibits, or copies produced to the Defendants. The amounts charged per page are not unreasonable. Defendants' objections are overruled.

## Objections to Transcript Costs

Whether a transcript was reasonably necessary is a finding of fact to be determined by the trial court. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). The expenses associated with depositions which were "necessarily obtained for use in the case" are properly taxable as costs of court. *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1237–38 (5th Cir.1988).

Defendants request that the Court remove the amount of $206.55 evidenced by an invoice dated December 2, 2011, for an appearance of a court reporter for the deposition of witness Larry Rogers. Defendants state that his deposition was cancelled the day before the deposition was set to occur and, apparently, Plaintiff failed to notify her court reporter of that cancellation, therefore this cost should be non-taxable. Plaintiff does not respond to this objection. Defendants' objection is sustained.

## Video Deposition Costs

Defendants object to Plaintiff's inclusion of the cost of videotaping depositions and request that the Court remove $1,150.54 from Plaintiff's bill, which is the Defendants' estimation of the amount claimed by Plaintiff for videotaped depositions. Plaintiff responds that the parties agreed to videotape the depositions to avoid the necessity of witnesses' attendance at trial. Plaintiff does not argue that the Court approved the taxation of these costs before they were incurred. The Court was not requested to do so by any party to this lawsuit.

As to deposition fees, 28 U.S.C. § 1920(2) allows for the recovery of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit does not interpret Section 1920(2) to include videotape depositions. *See, e.g., Migis v. Pearle Vision, Inc.*, 944 F.Supp. 508, 518 (N.D. Tex. 1996)("The cost of a videotaped

deposition cannot be recovered without prior authorization from the court."), *aff'd in part, rev'd in part on other grounds, remanded,* 135 F.3d 1041 (5th Cir. 1998)(agreeing that video expenses were not to be recovered). The Fifth Circuit has held that fees for video depositions are not recoverable without prior court approval. *See Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998)("There is no provision for videotapes of depositions.").

Assuming that the contested costs might be properly taxed under certain circumstances, it is undisputed that these fees were not given advance approval by this Court. Defendants' specific objections to those video deposition costs are therefore sustained.

## Conclusions

Plaintiff is allowed costs as follows. The amended bill of costs is hereby reduced by $1,150.54 for unrecoverable video fees, and $206.55 for unnecessary deposition expenses. Total allowable costs are $9,230.45, which are hereby awarded to the Plaintiff.

It is SO ORDERED.

Signed this the _____ day of February, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE